IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>THE STATE OF CALIFORNIA,<br>THE STATE OF DELAWARE,<br>THE DISTRICT OF COLUMBIA<br>THE STATE OF FLORIDA,<br>THE STATE OF ILLINOIS,<br>THE STATE OF INDIANA,<br>THE COMMONWEALTH OF MASSACHUSETTS,<br>THE STATE OF MICHIGAN,<br>THE STATE OF NEVADA,<br>THE STATE OF NEW YORK<br>THE STATE OF TENNESSEE,<br>THE STATE OF TEXAS,<br>AND THE COMMONWEALTH OF VIRGINIA<br>EX REL. PATRICK CARPENTER<br>            Plaintiffs,<br><br>vs.<br><br>ABBOTT LABORATORIES, Inc.<br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIV. A. NO. 07-10918<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS**

Dr. Patrick Carpenter ("Plaintiff") respectfully submits this Response to Defendant's December 14, 2009 motion for leave to file two unpublished opinions with the Court in connection with its pending motion to dismiss the Amended Complaint in this action. Neither opinion merits consideration in this matter and, accordingly, Defendant's motion for leave should be denied.

Neither *Hopper v. Solvay Pharms., Inc.*, No. 08-15810, 2009 WL 4429519 (11th Cir. Dec. 4, 2009), nor *In re Zyprexa Prods. Liab. Litig.*, No. 07-CV-645, 2009 WL 4260857 (E.D.N.Y. Dec. 1, 2009), have any precedential value in this Court and both are factually distinct from the instant case against Abbott. Further, there is a substantial body of law emanating from

this Circuit concerning Rule 9(b) and the FCA. Moreover, as provided by the operative scheduling order, Defendant will have an opportunity to cite to these cases in its reply brief which is to be filed in early January.

Notably, although Defendant chose to bring these cases to the Court's attention, it did not also mention the revised DHHS Guidelines dated December 1, 2009, which were issued after Defendant filed its motion to dismiss and which supersede the DHHS November 2008 Guidelines upon which it relied in support of its motion. These revised Guidelines, *see* page 43, downgrade Kaletra once-daily dosing to second tier status and observe that recent studies suggest that once-daily Prezista and Reyataz are at least as good as or superior to once-daily Kaletra, with fewer harmful side effects than once-daily Kaletra. *See* Pltf. Opp. 7-8.[1]

In any event, Abbott states that it has brought *Hopper* to the Court's attention because it allegedly supports the argument that Plaintiff "fails to plead with particularity how Abbott personnel allegedly caused specific doctors to prescribe Kaletra either off-label or in violation of the Anti-Kickback Statute on specific dates, with the result that specific false claims were submitted for Medicare or Medicaid reimbursement." Def. Mot. ¶ 4. Here, the causal link alleged between Abbott's misconduct and the filing of false claims is much stronger than in *Hopper*. Whereas the plaintiff in *Hopper* based his reliance on "statistical analysis" – a marked increase in prescriptions during the years of the off-label marketing campaign – in the instant case, Plaintiff's factual allegations are more specific and compelling. For instance, Plaintiff's Complaint alleges that numerous physicians who were directly targeted by Abbott for misleading off-label promotions and/or kickbacks, were in fact responsible for writing multiple off-label Kaletra prescriptions which directly led to the submission of false claims for government reimbursement. *See e.g.,* Pltf. Opp. at 15-18. Further, Plaintiff has provided ample detail as to

---

[1] Plaintiff's Opposition to Defendant's Motion to Dismiss is referenced as "Pltf. Opp. at __."

these false claims including physicians' names, reimbursement amounts and dates. *See id.* Exhibit A.

Thus, Plaintiff's Complaint is more akin to *United States ex rel. Duxbury v. Ortho Biotech Prods.*, 579 F.3d 13 (1st Cir. 2009), and is in fact stronger in so far as the plaintiff in *Duxbury* did not identify specific claims, while Plaintiff's Complaint does.[2] The First Circuit has recognized that when a defendant induces a third party to file a false claim, plaintiff can satisfy 9(b) by providing "'factual or statistical evidence to strengthen the inference of fraud beyond possibility' without necessarily providing details as to each false claim." *Duxbury*, 579 F.3d at 28-29 (citing *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720 (1st Cir. 2007)). There is nothing to suggest that since *Duxbury* was decided, the First Circuit has adopted *Hopper's* far more rigid view of causation.

*In re Zyprexa*, an unpublished opinion regarding claims under the Mississippi Medicaid Fraud Control Act, Mississippi Products Liability Act, Mississippi Consumer Protection Act and common law, is not germane to the issues in Abbott's motion to dismiss. The Court in *In re Zyprexa* rejected Mississippi's statistical evidence in support of off-label false claims because reliance, causation, and injury require specific, individualized proof to establish a "structural" class action. 2009 WL 4260857 at *36, 47. Here, there has been no suggestion that this case is or will be treated as a "structural" class action. Furthermore, *In re Zyprexa* was decided on a motion for summary judgment; here, we are only at the pleading stage, well before analysis of the sufficiency of any type of evidence becomes pertinent.

---

[2] Notably, as stated in Plaintiff's Opposition to Defendant's Motion to Dismiss, the Fraud Enforcement and Recovery Act of 2009, Pub. L. 111-21, 123 Stat. 1617 (May 20, 2009), expressly makes the amended Section 3729(a)(2) (now 3729(a)(1)(B)) applicable here. *See* Pltf. Opp. at fn3.

Dated: December 23, 2009

Respectfully submitted,

BERGER & MONTAGUE, P.C.

  /s/ Gary L. Azorsky
Sherrie R. Savett
PA Bar No. 17646
Jeanne A. Markey
PA Bar No. 40175
Gary L. Azorsky
PA Bar No. 38924
Joy P. Clairmont
PA Bar No. 82775
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

- and -

STERN, SHAPIRO, WEISSBERG
& GARIN, LLP

Jonathan Shapiro
BBO No. 454220
Lynn Weissberg
BBO No. 521340
Alexandra Deal
BBO No. 660645
90 Canal Street
Boston, MA 02114
(617) 742-5800

*Attorneys for the Relator*

## **CERTIFICATE OF SERVICE**

      I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.


Date:  December 23, 2009                              /s/ Gary L. Azorsky

                                                                   Gary L. Azorsky